304 S.E.2d 683

**Wilma S. BUSCH**

v.

**Donald M. BUSCH.**

No. 15807.

Supreme Court of Appeals of West Virginia.

June 29, 1983.

Robert A. Waters, Parkersburg, for appellee.

Richard A. Bush, Parkersburg, for appellant.

PER CURIAM:

Donald M. Busch appeals a final judgment of the Circuit Court of Wood County, which denied his petition for custody of his 14-year-old son, Michael. Inasmuch as the boy had expressed a desire to live with his father, we conclude that the trial court erred in failing to comply with his wishes. Accordingly, we reverse.

The appellant and the appellee, Wilma S. Busch, were divorced by order of the Circuit Court of Wood County entered September 17, 1979. The final decree awarded the appellee exclusive custody of their older son, Gregory Todd, then 14 years of age; and gave her custody of Michael Shawn, then 11, during the summer months. The appellant was awarded custody of Michael during the school year, and was ordered to pay $50 per week as child support for Gregory, $30 per week as support for Michael during the summer, and $50 per week as alimony to the appellee.

During the next three years, the parties filed a number of petitions and cross-petitions seeking modification of the final decree with respect to the custody of Michael. The court refused all requests until October 13, 1982, at which time custody of Michael was awarded to the appellee. Michael, then 14, had requested that he be allowed to live with his mother, and the appellant did not object to the change of custody.

Michael changed his mind, however, and went back to live with his father in December of 1982. On January 13, 1983 the appellant filed a petition asking that custody of Michael be returned to him, alleging that Michael now desired to nominate the appellant as his guardian. The appellee filed no answer, and at the January 28, 1983 hearing her counsel stipulated to the

allegations in the petition. Nevertheless, by Order entered February 2, 1983 the trial judge denied the appellant's request and dismissed the petition, finding:

"1) That the decision of MICHAEL SHAWN BUSCH, the fourteen-year-old child of the parties, to rescind his previous decision to nominate the Plaintiff/Respondent as his custodial parent and thereupon to nominate the Defendant/Petitioner as his custodial parent is not a substantial change of the circumstances of the parties sufficient to permit or require the Court to modify its Order of the 13th day of October, 1982, regarding the custody of said child; and,

"2) That it would not be in the best interest of the said MICHAEL SHAWN BUSCH for the Court to modify its prior custody Order each time the said MICHAEL SHAWN BUSCH 'reverses his previous decision' regarding the nomination of his custodial parent and therefore, the modification requested in said Petition is not in the best interest of the said MICHAEL SHAWN BUSCH."

The appellant now moves to reverse the judgment of the circuit court, contending that under *S.H. v. R.L.H.*, 169 W.Va. 550, 289 S.E.2d 186 (1982), the trial court should have awarded custody to him in accordance with Michael's wishes. Under the facts of this case, we agree.

■ In *Garska v. McCoy*, 167 W.Va. 59, 278 S.E.2d 357 (1981), this Court established the presumption in favor of the primary caretaker for custody of a child of tender years. However, in syllabus point 7 we said, in part:

"The concept of a 'child of tender years' is somewhat elastic; obviously an infant in the suckling stage is of tender years, while an adolescent fourteen years of age or older is not, as he has an absolute right under *W.Va.Code*, 44–10–4 [1923] to nominate his own guardian...."

*See also J.B. v. A.B.*, 161 W.Va. 332, 242 S.E.2d 248 (1978); *In re M.D.*, 171 W.Va. 209, 298 S.E.2d 243, 245 (1982).

■ We were again presented with the question of what weight to give a mature adolescent's wishes in *S.H. v. R.L.H.*, 169 W.Va. 550, 289 S.E.2d 186 (1982) where we held in syllabus point 2:

"The word 'nominate' as used in syl. pt. 7 of *Garska v. McCoy*, 167 W.Va. 59, 278 S.E.2d 357 (1981) means that a child has a right to suggest a guardian to the court, and that the court is obliged to confirm the nomination of that particular guardian unless the court specifically finds such guardian to be unfit to serve in such capacity under the general rules governing unfitness outlined in *Garska v. McCoy, supra*."

In *S.H. v. R.L.H., supra*, we approved an award of custody of a 14-year-old girl to her father in accordance with her wishes, despite findings by the court that he had not been the primary caretaker and that the child's best interests would be served by leaving her in her mother's custody.

■ In the case before us, Michael chose his father as his guardian, and there was no finding by the court nor any allegation that his father was unfit to serve in that capacity. The appellee mother, in fact, did not oppose the change of custody. Under these circumstances, the trial judge should have complied with the desires of the parents and child. A trial judge is not, however, always required to comply with those wishes. Where the nominated guardian is unfit, the court may properly refuse to grant him custody of the child, despite the child's expressed preference. *S.H. v. R.L.H.*, 169 W.Va. 550, 289 S.E.2d 186, 190 (1982).

A motion to reverse having been filed in this case, said motion is granted. The judgment of the Circuit Court of Wood County is hereby reversed, and the case is remanded with directions that an order be entered awarding custody of Michael Shawn Busch to the appellant, subject to appropriate visitation times for the appellee.

Reversed and remanded with directions.